| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

JOSEPH H. DESORMEAUX, §
§
    Petitioner, §
§
*versus* §   CIVIL ACTION NO. 1:13-CV-566
§
DIRECTOR, TDCJ-ID, §
§
    Respondent. §

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Joseph H. Desormeaux, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a conviction for murder.

The court previously referred his matter to a United States Magistrate Judge pursuant to applicable laws and orders of the court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the petition be denied. The magistrate judge concluded that one of the grounds for review asserted in the original petition was procedurally barred and that the remaining grounds for review were without merit. The magistrate judge further concluded that the grounds for review asserted in an amended petition were barred by the applicable statute of limitations.

The court has received the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Petitioner filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

Petitioner's objections relate solely to his claim that he was improperly convicted based on tainted DNA evidence. This ground for review was raised in his amended petition and the magistrate judge concluded the ground for review was barred by limitations. Petitioner asserts the magistrate judge erred in concluding this ground for review did not "relate back" to the date the original petition for writ of habeas corpus was filed.

As the magistrate judge stated, Federal Rule of Civil Procedure 15(c)(1)(B) provides that an amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim that arises out of the conduct, transaction or occurrence set forth in the original pleading. However, claims do not relate back if they "assert a new ground for relief supported by facts that differ in both time and type" from those asserted in the original pleading. *Mayle v. Felix*, 545 U.S. 644, 650 (2005).

Petitioner contended in his original petition that he received ineffective assistance of counsel because counsel: (a) failed to object to DNA evidence; (b) abandoned petitioner after he was found guilty and (c) failed to call witnesses who would have provided favorable testimony. There are factual similarities between petitioner's claim that his conviction was based on tainted DNA evidence and his claim of ineffective assistance of counsel based on counsel's failure to object to the DNA evidence. However, there are also factual differences. The claim regarding ineffective assistance relates to counsel's pretrial investigation of the DNA evidence and his failure to file a motion seeking to have this evidence excluded. In contrast, the improper admission claim relates solely to events occurring during petitioner's trial. Moreover, the two claims are based on entirely different legal theories. The first claim asserts the trial court erred in admitting the evidence, while the second claim faults counsel for not objecting to the evidence by filing a pretrial motion.[1] As a result, the court is of the opinion the claim asserted in the amended petition regarding tainted DNA evidence does not relate back to the date on which the original petition was filed. *Schneider v. McDaniel*, 674 F.3d 1144, 1151 (9th Cir. 2012)

In addition, petitioner failed to exhaust his state court remedies regarding his claim that his conviction was based on tainted DNA evidence. Petitioner did not raise this claim in his state application for writ of habeas corpus. As petitioner failed to present this claim to the Texas Court of Criminal Appeals, the claim will be dismissed as unexhausted as well as barred by limitations.

---

[1] As the magistrate judge stated, while counsel did not object to the admission of the DNA evidence, he did call a defense expert witness to testify as to his disagreement with the way the prosecution's expert witness interpreted the DNA evidence.

*Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001). Further, as counsel did not object to the admission of the DNA evidence, it cannot be concluded the court erred in admitting the evidence.

## ORDER

Accordingly, the objections filed by petitioner (#60) are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge (#55) is **ADOPTED**. A final judgment will be entered denying the petition.

Furthermore, the court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a final judgment denying habeas relief may not proceed unless a certificate of appealability is issued. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues raised in the petition are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

Petitioner has failed to show the issues raised are subject to debate among jurists of reason. The factual and legal questions raised by petitioner have been consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

SIGNED at Beaumont, Texas, this 6th day of September, 2023.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE