| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| JOSEPH J. DESORMEAUX, | § |
|     Petitioner, | § |
| *versus* | §    CIVIL ACTION NO. 1:13-CV-566 |
| DIRECTOR, TDCJ-CID, | § |
|     Respondent. | § |

## MEMORANDUM OPINION AND ORDER

The court previously entered a Final Judgment denying this petition for writ of habeas corpus. Petitioner has now filed a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), as well as an amended motion to alter or amend judgment. Generally, a Rule 59(e) motion must clearly establish either a manifest error of law or fact or must present newly discovered evidence. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003).

This petition was denied because some of petitioner's grounds for review were without merit, some were procedurally barred, and some were barred by the applicable statute of limitations. In his post-judgment motions, petitioner focuses on the grounds for review that were dismissed as procedurally barred and as barred by the applicable statute of limitations. He asserts he should be able to proceed with these grounds for review because he is actually innocent. In making this argument, he points to a letter from a witness who saw the victim being attacked by another man. He states his attorney had this letter, but never introduced it into evidence. Petitioner also references DNA evidence he states would establish his innocence.

Actual innocence may provide a "gateway" for consideration of claims that are otherwise barred from review. *McQuiggin v. Perkins*, 569 U.S. 383 (2013). In order to open the "gateway" a petitioner must support his claim of actual innocence with evidence that is new and reliable. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Here, neither the letter referenced by petitioner nor the DNA evidence is new. Both existed at the time of trial. As a result, petitioner had failed to demonstrate he may proceed through the *McQuiggin* "gateway."

As petitioner does not present any newly discovered evidence and has failed to demonstrate that the denial of his petition constituted a manifest error of law or fact, his motions are without merit. It is accordingly

**ORDERED** that motion to alter or amend judgment (#73) and the amended motion to alter or amend judgment (#76) are **DENIED**. In light of the foregoing, petitioner's motion (#72) seeking an extension of time to file a motion to alter or amend judgment is **DENIED** as unnecessary.

SIGNED at Beaumont, Texas, this 28th day of June, 2024.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE